1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   RYAN FITZGERALD JONES,                )   Case No.:1:10-cv-01286 AWI JLT (HC)
                                           )
12          Petitioner,                    )   FINDINGS AND RECOMMENDATIONS
                                           )   TO GRANT MOTION TO DISMISS
13          v.                             )
                                           )   (Doc. 12);
14   M. MARTEL, Warden                     )
                                           )   ORDER REQUIRING OBJECTIONS TO BE
15          Respondent.                    )   FILED WITHIN TWENTY DAYS
                                           )
16   _____    )

17          Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19          The instant petition was filed on July 20, 2010.  (Doc. 1).  The sole claim in the petition is

20   that Petitioner was denied his Sixth Amendment right to the effective assistance of counsel because

21   his trial attorney failed to consult or call as a witness any expert in eyewitness identification.  (Doc.

22   1, pp. 19-21.  On July 30, 2010, the Court ordered Respondent to file a response.  (Doc. 5).

23   September 17, 2010, Respondent filed the instant motion to dismiss in lieu of an answer, contending

24   that Petitioner's claims were not fully exhausted in state court.  (Doc. 12).  On October 8, 2010,

25   Petitioner filed an opposition to the motion to dismiss.  (Doc. 16).

26   ///

27   ///

28

                                                  1

1                                          **DISCUSSION**

2            A.  Procedural Grounds for Motion to Dismiss

3            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

4    petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

5    petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

6    2254 Cases.

7            The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if

8    the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

9    state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

10   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

11   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

12   state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

13   Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court

14   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

15           In this case, Respondent's Motion to Dismiss is based on Respondent's contention that

16   Petitioner has never presented his claims to the California Supreme Court.  Accordingly, the Court

17   will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. O'Bremski, 915

18   F.2d at 420.

19           B.  Exhaustion.

20           A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

21   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

22   exhaustion doctrine is based on comity to the state court and gives the state court the initial

23   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

24   U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

25   1163 (9th Cir. 1988).

26           A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

27   full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

28   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

                                                     2

1   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

2   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

3   claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

4   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

5          Additionally, the petitioner must have specifically told the state court that he was raising a

6   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

7   (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

8   1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

9   Supreme Court reiterated the rule as follows:

10         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
           remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
11         to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
           federal rights" (some internal quotation marks omitted).  If state courts are to be given the
12         opportunity to correct alleged violations of prisoners' federal rights, they must surely be
           alerted to the fact that the prisoners are asserting claims under the United States Constitution.
13         If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
           him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
14         only in federal court, but in state court.

15  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

16         Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
           federal claims in state court *unless he specifically indicated to that court that those claims*
17         *were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
           Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must*
18         *make the federal basis of the claim explicit either by citing federal law or the decisions of*
           *federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882,
19         889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying
           claim would be decided under state law on the same considerations that would control
20         resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir.
           1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
21
           In Johnson, we explained that the petitioner must alert the state court to the fact that
22         the relevant claim is a federal one without regard to how similar the state and federal
           standards for reviewing the claim may be or how obvious the violation of federal law is.
23

24  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

25         Petitioner acknowledges that he was convicted in the Kings County Superior Court in 2006

26  of five counts of robbery, two prior strike convictions, and two prior prison terms.  (Doc. 1, p. 1).  He

27  was sentenced to a term of 125 years to life plus 21 years.  (Id.).  Respondent has lodged documents

28  with the Court that establish that Petitioner's appeal of his conviction to the California Court of

1   Appeal, Fifth Appellate District ("5th DCA") was reversed and remanded by that court for the limited

2   purpose of the trial court conducting a post-conviction hearing pursuant to People v. Marsden, 2 Cal.

3   3d 118 (1970), to determine whether Petitioner's trial counsel should be relieved and another

4   attorney appointed.  (Lodged Document ("LD") F, p. 3).  Petitioner filed a Petition for Review with

5   the California Supreme Court, raising two issues: (1) the trial court abused its discretion by failing to

6   make an informed exercise of discretion when it sentenced Petitioner to five consecutive 25 years to

7   life "third strike" terms and an indeterminate term of 21 years; and (2) Petitioner's sentence is "cruel

8   and unusual."  (LD D).  The Petition for Review was denied by the state high court.  (LD E).

9          On remand, the trial court conducted two Marsden hearings pursuant to the 5th DCA's order

10  on appeal.  Ultimately, the trial court denied the motion and affirmed the judgment and sentence

11  originally imposed.  (LD F, p. 3).  Petitioner then appealed the ruling denying Petitioner's Marsden

12  motion to the 5th DCA, which affirmed the trial court's ruling.  (LD I, pp. 2-4).  Petitioner then filed

13  a Petition for Review in the California Supreme Court, which was eventually denied.  (LD I; J).  In

14  arguing for the "necessity" of review in that second Petition for Review, Petitioner argued that

15  review should be granted "to address an important and recurring question of constitutional

16  dimension related to a defendant's claim that he was denied his Sixth Amendment right to effective

17  assistance of counsel," i.e., "whether a trial court abuses its discretion when a defendant moves for

18  substitution of his appointed counsel, and during a post-conviction hearing held pursuant to

19  [Marsden] the trial court fails to thoroughly question defense counsel in regard to the defendant's

20  allegations of ineffective assistance of counsel."  (LD I, p. 2).  The record does not indicate that

21  Petitioner has ever filed any state habeas petitions related to the claims in the instant petition.

22         In the motion to dismiss, Respondent contends that the claim in the instant petition is

23  unexhausted because it has never been presented to the California Supreme Court.  (Doc. 12).  The

24  Court agrees.  The claim presented to the California Supreme Court as part of Petitioner's appeal

25  from the remanded proceedings was directed specifically at the trial court's purported failure to fully

26  question Petitioner's trial counsel regarding Petitioner's allegations of ineffective assistance as part

27  of a motion hearing as to whether, under California law, Petitioner was entitled to have his trial

28  counsel relieved and substitute counsel appointed.  No claim of ineffective assistance of counsel was

4

1   actually made in the second Petition for Review, nor did appellate counsel make any references to

2   federal law that articulates the constitutional standard for ineffective assistance under the Sixth

3   Amendment, i.e., Strickland v. Washington, 466 U.S. 668, 687 (1984), or its progeny.  To the

4   contrary, appellate counsel cited no federal cases at all.  Indeed, the second Petitioner for Review

5   appears to rely exclusively upon California law in its argument that the trial court and 5th DCA

6   improperly rejected Petitioner's Marsden motion.

7        The instant petition raises no issue regarding Petitioner's post-conviction Marsden motion,

8   nor does it contend that Petitioner's federal constitutional right to counsel was impaired by the trial

9   court's failure to grant the post-conviction Marsden motion.  Rather, Petitioner's only claim is

10  ineffective assistance of trial counsel in failing to present an expert witness in eyewitness

11  identification, a claim he has never raised to the California Supreme Court.  Accordingly, the claim

12  in the instant petition is unexhausted and the petition should be dismissed.

13       In his opposition to the motion to dismiss, Petitioner contends that he has presented an

14  ineffective assistance of counsel claim to the California Supreme Court in his second Petition for

15  Review.  (Doc. 13, p. 3).  Petitioner argues that by referencing his ineffective assistance claim within

16  the context of his Marsden argument, he has presented the "substance" of his ineffective assistance

17  claim to the California Supreme Court.  (Id.).  This is incorrect.

18       As discussed previously, a petitioner must make the federal basis of the claim explicit, either

19  by citing federal law or the decisions of federal courts, and, even if the federal basis is self-evident,

20  the petitioner must alert the state court to the fact that the relevant claim is a federal one without

21  regard to how obvious the violation of federal law is.  Lyons v. Crawford, 232 F.3d at 669.  Here,

22  while the relationship may seem obvious between the issue of a petitioner's right under People v.

23  Marsden to remove an attorney under various specified circumstances, including ineffective

24  assistance, and the issue of his more specific *federal* constitutional right to have the effective

25  assistance of counsel under the Sixth Amendment, in the Second Petition for Review Petitioner

26  presented only the former issue, not the latter.

27       A Marsden motion "implicates" the Sixth Amendment right to counsel such as to invoke a

28  federal court's habeas jurisdiction.  Bland v., Cal. Dept. Of Corrections, 20 F.3d 1469, 1475 (9th cir.

5

1    1994).[1]  However, there is a significant legal difference between simply "implicating" a federal right

2    for purposes of establishing this Court's habeas jurisdiction over a claim raised in state court, and

3    "fairly presenting" to the state's highest court a claim *as a violation of that federal right* for purposes

4    of fully exhausting one's remedies in state court.  Petitioner has accomplished the former, not the

5    latter.

6           From the foregoing, the Court concludes that Petitioner has not presented his claim to the

7    California Supreme Court as required by the exhaustion doctrine.  Because Petitioner has not

8    presented his claim for federal relief to the California Supreme Court, the Court must dismiss the

9    petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);

10   Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition

11   that is entirely unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982);  Calderon, 107 F.3d at

12   760.  Therefore, Respondent's motion to dismiss should be granted and the petition should be

13   dismissed for lack of exhaustion.

**RECOMMENDATION**

15          Accordingly, the Court HEREBY RECOMMENDS as follows:

16          1.  That Respondent's Motion to Dismiss (Doc. 12), be GRANTED; and,

17          2.  That the habeas corpus Petition (Doc. 1), be DISMISSED because it contains no

18          exhausted claims.

19          This Findings and Recommendation is submitted to the United States District Court Judge

20   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

21   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

22   twenty (20) days after being served with a copy, any party may file written objections with the Court

23   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

24   Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within

---

[1]Under California law, in determining whether the trial court improperly denied a Marsden motion, three factors are considered: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense.  Bland, 20 F.3d at 1575.

6

1    ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will

2    then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

3    advised that failure to file objections within the specified time may waive the right to appeal the

4    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5

6    IT IS SO ORDERED.

7    Dated:   **March 9, 2011**                                          **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7